UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

HECTOR EMILIO FERNANDEZ-ROSA

    Defendant.

HECTOR EMILIO FERNANDEZ-ROSA,

    Petitioner,

-v-

UNITED STATES OF AMERICA,

    Respondent.

No. 12-cr-0894-2 (RJS)
No. 23-cv-544 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

  Hector Emilio Fernandez-Rosa, currently incarcerated and proceeding pro se, moves the Court under 28 U.S.C. § 2255 to vacate or set aside his 2019 conviction, in which he pleaded guilty to conspiracy to distribute and possess cocaine in violation of 21 U.S.C. § 846. On January 19, 2023, Fernandez-Rosa filed a motion under 28 U.S.C. § 2255, challenging the legality of his sentence. (Dkt. No. 23-cv-544, Doc. No. 1.) On March 6, 2023, Fernandez-Rosa filed a second motion under 28 U.S.C. § 2255, challenging the same conviction, which the Court treated as a supplemental filing and incorporated into his original application for relief under section 2255. (Dkt. No. 23-cv-1973, Doc. No. 1.) In his section 2255 petition, Fernandez-Rosa argues that his sentence should be vacated or modified in part because he received ineffective assistance of counsel from his former attorneys, Victor Rocha and Alvin Entin (together, "Prior Counsel").

  After reviewing Fernandez-Rosa's motion papers, the government has concluded that the testimony of Petitioner's Prior Counsel will be needed in order to allow the government to respond

to certain aspects of the motion, and requests that the Court direct Prior Counsel to provide sworn testimony, in the form of an affidavit or affirmation, addressing the allegations of ineffective assistance of counsel made by Petitioner. (Dkt. No. 12-cr-894, Doc. No. 112.) The government also requests that Petitioner be ordered to execute a waiver of his attorney-client privilege in light of his assertions of ineffective assistance. (*Id.*)

Although the Court finds that an executed waiver is unnecessary because Petitioner has already waived attorney-client privilege as a matter of law by asserting claims of ineffective assistance of counsel, *Frias v. United States*, No. 01-cr-307(JFK), 2009 WL 1437797, at *1 (S.D.N.Y. May 20, 2009) (quoting *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir. 1991)), it is nonetheless satisfied that the testimony of Prior Counsel is needed to resolve at least some portions of the petition. Accordingly, IT IS HEREBY ORDERED THAT, by November 7, 2023, Prior Counsel shall provide sworn testimony, in the form of an affidavit or affirmation, addressing the allegations of ineffective assistance of counsel made by Petitioner.

IT IS FURTHER ORDERED THAT the government shall file its opposition to the petition by November 28, 2023.

IT IS FURTHER ORDERED THAT Petitioner shall file his reply, if any, no later than December 19, 2023.

SO ORDERED.

Dated: October 17, 2023
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation